UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Benjamin Holmes
_____

(In the space above enter the full name(s) of the plaintiff(s).)

13 Civ. 0754 (LAP)

AMENDED
COMPLAINT

-against-

The City of New York, The
State of New York, Volunteers of
America, Wards Island, New
York City Department of Correction
Rikers' Island Security Division
Facility M.D.C. the People of
the State of New York.

Jury Trial: ☑ Yes  ☐ No
(check one)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/9/13

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)

I.  Parties in this complaint:

A.  List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name  Benjamin Holmes
            Street Address  P.O. Box 764
            County, City  Bronx New York
            State & Zip Code  10469
            Telephone Number  347-313 6258

B.  List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                              1

RECEIVED
APR -9 2013
PRO SE OFFICE

Defendant No. 1 Name Yvonne ballot wards Island
Street Address 33 Beaver Street 17th Fod
County, City New York
State & Zip Code New York 10004
Telephone Number 1-212 607-6203

212 3359195 *District Attorney - Kereen Evans
Defendant No. 2 Name Security Division Facility MDC
Street Address 125 White Street
County, City New York
State & Zip Code New york 10013
Telephone Number 1212-225 7317

Capt-Sp-Shield # 7058 -Shield # 168
Defendant No. 3 Name Department of Correction's Rikers Island
Street Address 1199 Fulton Ave 3D
County, City Bronx
State & Zip Code New York 10456
Telephone Number

District Attorney-Kereen Evans
Defendant No. 4 Name The People of the State of New York
Street Address 100 Center St.
County, City New York
State & Zip Code New York 10013
Telephone Number 1 212-3359195

II. **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? There lock me up and no medical help.

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____

### III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Wards Island - D.H-S. Security Division Facility M-D-C. Department of Correction Rikers Island The People of the State of New York

B. What date and approximate time did the events giving rise to your claim(s) occur? January 28 2012 Feb.16-2012 / 3/20/12 / 3/29/12 / 3/13/12 / 4/16/12 4/12/12 (-5/16-12) 5/27/12 4/07/12 to 6/15/12

C. Facts: 3/20/12 I was complaining about my the pain in my chest and nobody did nothering. Thay sent me to the Hospital I was in the Hospital for 4 days Chuckles to the bed - and the Hospital did not no what to do? this at Elmhurst Hospital was referred to Bellevue Hospital -

**What happened to you?**

**Who did what?** Volunteers of America

Nothering was don wend I was sick in the Division Facility MDC; and the Department of Correction Rikers Island Security. Elmhurst Hospital, and Bellevue Hospital

**Was anyone else involved?**

**Who else saw what happened?** Every thing was on taps and paper I tried to get the paper and the taps but wend I request them but no respond. This is how I can prove my self.

### IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I have a Mitral valve disorder I ame taking 17 medication to maintain this valve and Elmhurst Hospital did not no how to treat it and the Doctor at Rikers Island Facility. I went to Bellevue Hospital on April-12-2012. The Doctors cane not fine out what was wrong whit me. I have more thing that is wrong whit me. Hyperlipidema, Low back pain, Mitral valve disorders; Pain in limb; Swelling of limb -; Chest pain unspecified.; Asthma NOS-; Stress-;

*Rev. 12/2009*  3

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. I ame scared for my life now because I went to a Court House on March 20-2013 in the Bronx N.y. The Court officer toll me to Take every thing out of my pocket I did that and the Court officer toll me to go around the machine. but a nother officer come from behind and put a metal detector on my left side. then I ask for my thing to call a Armer lane for help wend try to make the call they pull me out of the wheel chair toll me that I cant make no call. went to the Hospital next day and I was bleeding inside. This is why I have to Relocate because to many things are happening. I ame a family man all my life. and take care of my family if I have take this operation and die I would like my family well taking care of. and for all I went through. I ame seeking Three hundred and sixty Five million Dollar.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 9 day of April, 2013

Signature of Plaintiff   Benjamin Holmes
Mailing Address          P.O. Box 764
                         Bronx N.Y. 10467

Telephone Number         347-313 6258

Fax Number (if you have one) _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this 9 day of April, 2013 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   Benjamin Holmes
Inmate Number             883-2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BENJAMIN HOLMES,

               Plaintiff,

   -against-

THE CITY OF NEW YORK; THE STATE OF
NEW YORK; VOLUNTEERS OF AMERICA;
WARDS ISLAND; NEW YORK CITY
DEPARTMENT OF CORRECTION; RIKERS
ISLAND SECURITY DIVISION FACILITY
MDC; THE PEOPLE OF THE STATE OF NEW
YORK,

               Defendants.

------------------------------------------------------------X

ORDER TO AMEND

13 Civ. 0754 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action for damages under the Court's federal question subject matter jurisdiction, apparently alleging that while held in facilities on Wards Island and Rikers Island, he was denied medical attention.[1] The Court construes Plaintiff's complaint as raising constitutional claims under 42 U.S.C. § 1983. By order dated March 5, 2013, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court directs Plaintiff to submit an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special

---

[1] Plaintiff does not appear to be in custody at this time.

solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff's complaint is not a model of clarity. Plaintiff seems to allege that between January 28, 2012, and June 15, 2012, he was held in facilities on Wards Island and Rikers Island. He also seems to allege that he has a medical condition, perhaps a heart condition, that necessitated the placement of a mechanical valve into his body as a form of treatment. Plaintiff alleges that the valve needs to be replaced. He also alleges that while he was held on Wards Island and Rikers Island, he "was sick and nothing was done." He "ask[ed] for help [but] no one [came to] help [him]."

## DISCUSSION

A.  State of New York

Plaintiff's claims against the State of New York and the People of the State of New York must be dismissed.[2] The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly abrogated its immunity. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Because the State of New York has not consented to be sued in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), and Congress has not abrogated the state's immunity with regard to § 1983 claims, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), Plaintiff's claims against the State of New York and the People of the State of New York are barred by the Eleventh Amendment.

---

[2] The Court interprets Plaintiff's claims against the People of the State of New York as brought against the State of New York.

B.  New York City Department of Correction

Plaintiff's claims against the New York City Department of Correction are dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); see Brewton v. City of New York, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999).

C.  "Wards Island" & "Rikers Island Security Division Facility MDC"

Plaintiff's § 1983 claims against "Wards Island" and "Rikers Island Security Division Facility MDC" are also dismissed. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Neither an island nor a jail facility, such as these Defendants, are "persons" for the purpose of § 1983. E.g., Farray v. Riker's Island Corr. Fac., No. 12 Civ. 4717, 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012); Wingate v. Anna M. Kross Ctr., No. 12 Civ. 2134, 2012 WL 1592198, at *1 (S.D.N.Y. May 7, 2012).

D.  City of New York

Plaintiff must submit an amended complaint with regard to his § 1983 claims against the City of New York. A complaint brought under § 1983 alleging violations of a plaintiff's federally protected rights by a municipality, such as the City of New York, must include factual allegations suggesting the existence of an officially adopted policy or custom of the municipality that caused that plaintiff's injury and must also include allegations suggesting a direct and deliberate causal connection between that policy or custom and the violation of that plaintiff's federally protected rights. See Bd. of Cnty. Comm'rs of Bryan Cnty., O.K. v. Brown, 520 U.S. 397, 403-04 (1997); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694

(1978). Plaintiff does not make such allegations against the City of New York in his original complaint. In light of his *pro se* status, however, Plaintiff is given the opportunity to amend his complaint so that he may allege facts demonstrating how a policy or custom of the City of New York caused him injury and had a direct and deliberate causal connection to the violation of his federally protected rights.

E. <u>Personal involvement of individuals</u>

Plaintiff must submit an amended complaint in which he names individuals as defendants and alleges facts demonstrating those individual defendants' personal involvement in the alleged violations of his federally protected rights. As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendants' direct and personal involvement in the alleged constitutional depravation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991). A defendant may be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful act, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). *But see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (eliminating supervisory liability for § 1983 claims, at least for intent-based discrimination claims). Liability for damages in a § 1983 action may not be based on the *respondeat superior* doctrine. *Monell*, 436 U.S. at 691.

Plaintiff has named no individuals as defendants. Again, in light of Plaintiff's *pro se* status, he is given the opportunity to amend his complaint to name individuals as defendants and to allege facts demonstrating those individual defendants' personal involvement in the alleged violations of his federally protected rights.

F.     Medical claims

To the extent that Plaintiff alleges that officials in the Wards Island and/or Rikers Island facilities where he was held failed to provide him with medical care, he must submit an amended complaint. To state a claim for denial of medical care, a person in custody must allege "'deliberate indifference to [his] serious medical needs.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (alteration in original)). The standard for such a claim is the same, regardless of whether the person in custody is seeking relief for the denial of medical care while he was held as a pre-trial detainee under the Due Process Clause of the Fourteenth Amendment or as a convicted prisoner under the Eighth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). The standard for such a claim has also been held to be the same for involuntarily committed mental patients. *See, e.g., Vallen v. Carrol*, No. 02 Civ. 5666, 2005 WL 2296620, at *8-9 (S.D.N.Y. Sept. 20, 2005).

Plaintiff has failed to allege any facts supporting a claim that Wards Island and/or Rikers Island officials were deliberately indifferent to his serious medical needs while he was held in facilities on either of those islands. Plaintiff must submit an amended complaint alleging facts supporting those claims.

G.     Leave to amend

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach an additional page if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

caption and the body of the amended complaint.[4] The naming of "John Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

In his statement of claim, Plaintiff must provide a short plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

>  (a) give the names and titles of all relevant persons;
>
>  (b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;
>
>  (c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
>
>  (d) give the location where each relevant event occurred;
>
>  (e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and
>
>  (f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated his federally protected rights; *what* facts show that his federally protected rights were violated; *when* such violation(s) occurred; *where* such violation(s) occurred; and *why* Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, his original complaint.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket and to mail a copy of this order and its attachment to Plaintiff, noting their mailing on the docket. Plaintiff's

---

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2010, at the Sullivan Correctional Facility, during the 7 a.m. to 3 p.m. shift."

claims against the State of New York, the People of the State of New York, the New York City Department of Correction, "Wards Island," and "Rikers Island Security Division Facility MDC" are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii).

Plaintiff is directed to file an amended complaint containing the information specified above. The amended complaint must be submitted to this Court's *Pro Se* Office within sixty days of the date of this order, be captioned as an "**AMENDED COMPLAINT**," and bear the same docket number as this order. An amended complaint form, which Plaintiff should complete as specified above, is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated: March 19, 2013
       New York, New York